Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9662
Facsimile: (310) 595-9501

Ian M. Ross (admitted *pro hac vice*)
iross@sidley.com
SIDLEY AUSTIN LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Telephone: (305) 391-5218
Facsimile: (305) 391-5101

*Attorneys for Defendant*
*Grow Care, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE 1 and JANE DOE 2, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GROW CARE, INC.,<br><br>Defendant. | Case No. 5:24-cv-09122-BLF<br>Assigned to: Hon. Beth Labson Freeman<br><br>**DEFENDANT GROW CARE, INC.'S REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE OR, ALTERNATIVELY, JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**<br><br>Date: May 15, 2025<br>Time: 9:00 a.m.<br>Place: Courtroom 3, 5th Floor<br><br>Action Filed: December 17, 2024<br>Trial Date: Not set |

## INTRODUCTION

Pursuant to the doctrine of incorporation by reference and Federal Rule of Evidence 201, Defendant Grow Care, Inc. ("Grow Care") respectfully requests that the Court take judicial notice of and incorporate by reference the following two webpages from Grow Care's website in connection with Defendant's Motion to Dismiss Plaintiffs Jane Doe 1 and Jane Doe 2's ("Plaintiffs") Class Action Complaint (the "Complaint").

1. A printout of the "Privacy Notice" webpage from growtherapy.com, the website of Defendant's mental health platform, Grow Therapy (the "Website"), which discloses that Grow Care may "share, transmit, disclose, grant access to, make available, and provide personal information with and to third parties," is attached hereto as **Exhibit A**.
2. A printout of the "Notice of Privacy Practices" from the Website, which states that personal information may be used for purposes of "treatment, payment, and healthcare operations," is attached hereto as **Exhibit B**.

The Ninth Circuit recognizes two separate doctrines which allow the court to consider material outside the complaint: (i) incorporation by reference and (ii) judicial notice. *Jackson v. Netflix, Inc.*, 506 F. Supp. 3d 1007, 1012 (C.D. Cal. 2020) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Grow Care requests this Court deem **Exhibits A and B** incorporated into the Complaint by reference or, alternatively, take judicial notice of such exhibits.

### I. Grow Care's Webpages Are Incorporated by Reference into the Complaint.

Under the doctrine of incorporation by reference, a court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading" on a motion to dismiss. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (alteration in original, internal quotation marks and citations omitted), superseded by statute on other grounds as stated in *In re Quality Sys., Inc. Litig.*, 865 F.3d 1130, 1146 (9th Cir. 2017). "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents

that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 1002 (9th Cir. 2018). A document may be deemed incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* (citations and internal quotation marks omitted).

Plaintiffs extensively refer to the Website in the Complaint, *see, e.g.*, ¶¶ 1, 12, 16, 17, 18, 32, 38, including partial screenshots of pages that (in full) include the link to Grow Care's Privacy Notice and Notice of Privacy Practices, ¶¶73-80. *See also McLaughlin v. Homelight, Inc.*, 2021 WL 5986913, at *1 (C.D. Cal., Sept. 17, 2021) (granting request to consider webpages because they were incorporated by reference into the amended complaint "which extensively reproduces statements from and refers to [defendant's] website in support of [plaintiff's] claim"); *LA Cnty. Free Found. v. Cnty. of Los Angeles*, 2022 WL 18278624, at *2 n.1 (C.D. Cal., June 1, 2022) (granting request to consider webpage pursuant to incorporation by reference doctrine "[b]ecause [p]laintiff cites the [] website in the [f]irst [a]mended [c]omplaint").

Also, **Exhibits A and B** (copies of Grow Care's Privacy Notice and Notice of Privacy Practices) illustrate Plaintiffs were on notice of Grow Care's privacy disclosures, including statements regarding Plaintiffs' consent and sharing data with third parties. Plaintiffs specifically quote and reference the Website in connection with its allegations that Grow Care did not have consent from Plaintiffs and that Grow Care did not make any disclosures to Plaintiffs. Complaint ¶¶ 13-14, 17-18, 87-88, 104, 110, 113, 121, 125, 140, 147-48. Therefore, such exhibits form the basis of Plaintiffs' claims.

Lastly, the authenticity of Grow Care's website is agreed by Plaintiffs in the Complaint. *See id.* ¶ 27.

Thus, this Court should incorporate by reference **Exhibits A and B**.

## II. Grow Care's Webpages are Subject to Judicial Notice

Alternatively, the Court may take judicial notice of these webpages from the Website because they are facts and propositions that are generally known within the trial court's territorial jurisdiction and can be accurately and readily determined from sources whose accuracy cannot

reasonably be questioned. *Jackson*, 506 F. Supp. 3d at 1012-13 (citing Fed. R. Evid. Rule 201(b)). Accordingly, "a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja*, 899 F.3d at 999 (internal citations and quotation marks omitted). The Privacy Notice and Notice of Privacy Practices webpages (**Exhibits A and B**) are "documents [that] appear on publicly available websites and are thus proper subjects of judicial notice." *Brown v. Google LLC*, 2021 WL 6064009, at *7 (N.D. Cal. Dec. 22, 2021). Further, the Court may take judicial notice of terms of service and privacy policies as they "are proper subjects of judicial notice." *See, e.g., In re Zoom Video Commc'ns Inc. Priv. Litig.*, 525 F. Supp. 3d 1017, 1026 n.2 (N.D. Cal. 2021) (granting defendant's request for judicial notice of defendant's privacy statement, and terms of service); *Coffee v. Google, LLC*, 2021 WL 493387, at *3 (N.D. Cal. Feb. 10, 2021) (Freeman, J.) (similar); *Matera v. Google Inc.*, 2016 WL 8200619, at *5 (N.D. Cal., Aug. 12, 2016) (same).

As detailed *supra*, Plaintiffs expressly referenced, incorporated, and/or quoted Grow Care's Website in the Complaint. *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1079 (C.D. Cal. 2021) (granting request for judicial notice with respect to defendant's privacy policy and website screenshots because the amended complaint "discusses those documents extensively"); *Garcia v. Best W. Norwalk Inn, LLC*, 2021 WL 4260406, at *2 (C.D. Cal., June 14, 2021) (granting request for judicial notice of screenshots from defendant's website in action alleging website violated ADA and Unruh Act because the screenshots are "cited and relied on in [the] complaint").

Therefore, **Exhibits A and B** are also independently subject to judicial notice under Federal Rule of Evidence 201, which California courts have consistently held allows the Court to take judicial notice of publicly available websites and disclosures on those websites. *See supra* at p. 1.

## CONCLUSION

For the foregoing reasons, Defendant respectfully request that the Court deem **Exhibits A and B** incorporated into the Complaint by reference or, alternatively, take judicial notice of such exhibits.

Date: February 12, 2025

Respectfully Submitted,

**SIDLEY AUSTIN LLP**

By: *_/s/ Amy P. Lally_*
Amy P. Lally
Ian M. Ross (admitted *pro hac vice*)

*Attorneys for Defendant Grow Care, Inc.*