**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646)-837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Ines Diaz Villafana (State Bar No. 354099)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: idiaz@bursor.com

**DRURY LEGAL, LLC**
Scott R. Drury (State Bar No. 355002)
6 Carriage Lane
Highwood, Illinois 60040
Telephone: (312) 358-8225
E-mail: scott@drurylegal.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE 1 and JANE DOE 2, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GROW CARE, INC.,<br><br>Defendant. | Case No. 5:24-cv-09122-NW<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date: July 30, 2025<br>Time: 9:00 a.m.<br>Courtroom: 3, 5th Floor<br>Judge: Hon. Noël Wise |

## INTRODUCTION

Defendant Grow Care, Inc. ("Defendant") asks this Court to take judicial notice of, or otherwise incorporate-by reference, two corporate documents, attached as Exhibit A and B to the RJN (the "documents" or "Exhibits"), in connection with Defendant's motion to dismiss. *See generally* Request for Judicial Notice (ECF No. 38) (hereinafter, the "RJN"). The RJN should be denied for multiple reasons.

***First***, because Plaintiffs do not extensively reference the documents at issue in their First Amended Complaint ("FAC"), Defendant cannot invoke the incorporation-by-reference doctrine.

***Second***, Defendant improperly seeks to invoke the incorporation-by-reference doctrine despite the existence of multiple versions of the documents at issue.

***Third***, Defendant improperly seeks to invoke the incorporation-by-reference doctrine to support its defenses.

***Fourth***, it is well-established that private corporate websites are not subject to judicial notice where, as here, the information contained in such documents is disputed.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's RJN.

## ARGUMENT

### I. LEGAL STANDARD

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also* Fed. R. Civ. P. 12(b).[1] Factual determinations on a motion to dismiss are improper. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 950 (9th Cir. 2005). District courts should not allow defendants to present their own version of the facts at the pleading stage and accept those facts as true because doing so would make it "near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim[.]" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-99 (9th Cir. 2018).

---

[1] If the court does not exclude evidence presented outside the pleadings, "the motion must be treated as one for summary judgment[.]" Fed. R. Civ. P. 12(d).

Two narrow exceptions to the general rule—judicial notice and incorporation-by-reference—allow a court to consider extraneous documents without converting the Rule 12(b)(6) motion into a summary judgment motion. *Lee*, 250 F.3d at 688-89. The Ninth Circuit has cautioned against the "unscrupulous use of extrinsic documents" under these exceptions, which "risks premature dismissals of plausible claims[.]" *Khoja*, 899 F.3d at 998-99.

Consideration of documents through both doctrines "can mean [the plaintiff will have] the courthouse doors slammed shut, such that there's no discovery, no further motion practice, no cross-examination, and no jury trial." *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1281 (C.D. Cal. 2019). This has "led to inappropriate efforts by defendants to expand the two doctrines" by filing motions to dismiss that make arguments more appropriate for "later stage[s] of the case." *Id*. at 1281.

## II. DEFENDANT IMPROPERLY SEEKS TO INVOKE THE INCORPORATION-BY-REFERENCE DOCTRINE

The incorporation-by-reference doctrine allows courts to "treat[] certain documents as though they are part of the complaint itself" and to "assume [the] contents are true for purposes of a motion to dismiss." *Id.* at 1002, 1003 (internal citations and quotations omitted). Because of this, "what inferences a court may draw from an incorporated document should be approached with caution." *Id.* at 1003. A defendant may only "seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Id.* at 1002 (quoting *U.S. v. Ritchie*, 342 F.3d 903 (9th Cir. 2003)). The plaintiff merely mentioning the document at issue in the complaint is "insufficient to incorporate the contents of a document." *Id.* Further, "if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Id.*

Here, Defendant seeks to invoke the incorporation by reference doctrine with respect to a version of its Privacy Notice from December 18, 2024, and its Notice of Privacy Practices. *See* Exhibits A and B (ECF Nos. 38-1, 38-2) to the RJN. However, incorporation by reference is

improper because: (1) Plaintiffs did not extensively reference these documents in the FAC; (2) there are multiple versions of the submitted documents; and (3) Defendant relies on the exhibits to rebut Plaintiffs' allegations in asserting its defenses.

Plaintiffs did not extensively reference the Privacy Notice in the FAC and did not reference the Notice of Privacy Practices at all. Defendant attempts to skirt around this fact by conflating the Privacy Notice and Notice of Privacy Practices with the Website itself. *See* RJN at 1-2. Defendant argues that Plaintiffs' reference to the Website itself is equivalent to Plaintiffs referencing the Privacy Notice and Notice of Privacy Practices which may be accessed through links at the very bottom portion of the relevant website ("Website"). *See id.* But this is incorrect.

At no point do Plaintiffs reference the Notice of Privacy Practices in the FAC. *See, generally,* FAC. And while Plaintiffs reference Defendant's Privacy Notice in connection with allegations regarding personal jurisdiction (FAC ¶¶ 14-16, 18, 41), the reference was limited to the jurisdictional allegations and was not pervasive throughout the FAC. *See DalPoggetto v. Wirecard AG*, 2020 WL 2374948, at *1 (C.D. Cal. Apr. 15, 2020) (where the plaintiff cited one of the documents "in only two paragraphs of plaintiffs' FAC" and the other a "handful of times," the court found the plaintiff did not extensively rely on the documents and, therefore, concluded it could not incorporate the document by reference).

Moreover, the Privacy Notice Defendant attached as Exhibit A is not the same version as the one Plaintiffs cite. *Compare* Exhibit A to RJN with FAC ¶ 14, n.3 (citing the URL https://growtherapy.com/_next/static/media/WebsitePrivacyPolicy_20240626.pdf). The Privacy Notice Plaintiffs cite states it was last updated June 26, 2024, whereas Exhibit A was last updated December 18, 2024. They are not the same policy. Thus, Plaintiffs do not reference the December 18, 2024 version of the Privacy Notice at any point in their FAC. Therefore, Plaintiffs did not extensively reference either document, and the Court should not incorporate them by reference.

Similarly, it is well-settled that a court should decline to incorporate documents by reference (or judicially notice them) where there are multiple versions of the document; especially when it is unclear which versions of the document a plaintiff reviewed and/or agreed to. *Zero Motorcycles, Inc. v. Nikola Motor Co.*, 2018 WL 3009126, at *13-16 (N.D. Cal. June 14, 2018);

*Turner v. Nuance Commc'ns*, 2024 WL 2750017, at *19 (N.D. Cal. May 28, 2024) (declining to consider specific versions of an agreement under either exception, noting, *inter alia*, that "Nuance admits that the DAA has been revised multiple times over the years, so the current version of the DAA may not be the same as the version Plaintiffs allegedly read ").

Here, there are clearly different versions of the Privacy Notice as Plaintiffs have cited to a version updated on June 26, 2024 (FAC ¶ 14, n.3), while Exhibit A shows a version of the Privacy Notice updated on December 18, 2024. And there may exist additional versions that were published at the time Plaintiffs used the service. The same can be said of the Notice of Privacy Practices because that document also includes a "last updated date," which signals there are multiple versions. *See* Exhibit B. Defendant makes no indication of which versions of those documents it believes Plaintiffs saw, if any. *See, generally,* RJN. Accordingly, because multiple versions of these documents exist, incorporation by reference is improper.

Further, because Defendant asks the Court to consider the Privacy Notice and Notice of Privacy Practices to prove Plaintiffs' notice of and consent to Defendant's data sharing practices, they support Defendant's defense of consent and are, therefore, inappropriate for incorporation by reference. *See* RJN at 2; *see Khoja*, 899 F.3d at 1002 (a document that creates a defense to the allegations in the complaint does "not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events . . . to defeat otherwise cognizable claims").

Defendant's reliance on *McLaughlin v. Homelight, Inc.*, 2021 WL 5986913, at *1 (C.D. Cal., Sept. 17, 2021), and *LA Cnty. Free Found. v. Cnty. of Los Angeles*, 2022 WL 18278624, at *2 n.1 (C.D. Cal., June 1, 2022), is unavailing because neither case considered the situation here, where: (1) there are multiple versions of the documents, and they are used to support Defendant's defenses; and (2) Plaintiffs' FAC does not rely on the documents extensively.

Accordingly, the Court should deny Defendant's request to incorporate Exhibits A and B by reference.

## III. THIS COURT SHOULD NOT TAKE JUDICIAL NOTICE OF WEBSITE PRINTOUTS OF A PRIVATE CORPORATION'S WEBSITE OR DOCUMENTS WITHIN DEFENDANT'S CONTROL

Under the judicial notice exception, the Ninth Circuit has held that courts may only consider adjudicative facts that are either generally known or capable of accurate and ready determination from sources whose accuracy cannot be reasonably questioned. *Ritchie*, 342 F.3d at 908-09 (citing Fed. R. Evid. 201(b)(1-2)). Courts in this circuit carefully distinguish between private corporate websites (improper), party websites (improper), and governmentally created content on government websites that are matters of public record (proper) when taking judicial notice of a document. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (providing instances of courts properly taking judicial notice of information posted on federal government agency websites),[2] *but see Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 763 (C.D. Cal. 2015) (noting that judicial notice of private corporate websites is improper).

Based on the law in this Circuit, district courts herein have repeatedly rejected taking judicial notice of a private corporate website or a party's website. *See, e.g.*, *Spy Optic*, 163 F. Supp. 3d at 763 ("private corporate websites, particularly when describing their own business, generally are not the sorts of sources whose accuracy cannot reasonably be questioned."); *Ladore v. Sony Computer Entm't Am., LLC,* 75 F. Supp. 3d 1065, 1074 (N.D. Cal. 2014) (refusing to take judicial notice of defendant Sony Computer Entertainment America, LLC's Terms of Service and/or Software Licenses because documents not the type whose "accuracy cannot be reasonably questioned."); *Ibey v. Taco Bell Corp.*, 2012 WL 2401972, *1 (S.D. Cal. June 18, 2012) (LinkedIn page and Mobil Marketing Association U.S. Consumer Best Practices are not documents sources whose accuracy cannot be reasonably questioned).

Further, even where courts take judicial notice of a website, "the court is simply taking as true that the website exists and makes certain representations about the company to the public. The court does not assume the veracity of any of the representations the website contains." *Genasys*

[2] *See also Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1030, 1033 (C.D. Cal. 2015) (approving of judicial notice of government websites and similar public records); *Lee*, 250 F.3d at 689 (same).

*Inc. v. Vector Acoustics, LLC*, 638 F. Supp. 3d 1135, 1146 (S.D. Cal. 2022) (internal quotations and citations omitted); *see also Smith v. Google, LLC*, 2024 WL 2808270, at *3 (N.D. Cal. June 3, 2024). Thus, even if the Court were to take judicial notice of the fact that Defendant's website had webpages containing the Notice of Privacy and Notice of Privacy Practices, the Court should not take judicial notice of the content contained within those legal documents.

Further, with respect to the version of the purported Privacy Notice Defendant claims to have obtained from its website (Ex. A), that document is irrelevant as it came into effect after Plaintiffs filed their Complaint (*see* ECF No. 1, filed December 17, 2024). *Compare* ECF No. 1 (filed December 17, 2024) *with* Ex. A ("Last updated December 18, 2024).

Defendant's reliance on *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1079 (C.D. Cal. 2021), and *Garcia v. Best W. Norwalk Inn, LLC*, 2021 WL 4260406, at *2 (C.D. Cal., June 14, 2021), is misplaced. In those cases, the plaintiffs actually cited the documents the defendants sought to be judicially noticed. But here, as described above, Plaintiffs did not cite the Notice of Privacy Practices at all and cited a different version of the Privacy Notice.

While Defendant cites some cases that seem to indicate that it is proper to take judicial notice of documents appearing on a private company's website (RJN at 3), Plaintiffs respectfully submit that those decisions do not adhere to the law in the Ninth Circuit.

## CONCLUSION

For these reasons, the Court should deny Defendant's request to have Exhibit A and Exhibit B incorporated by reference and judicially noticed.

Dated: May 14, 2025

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Philip L. Fraietta*

Philip L. Fraietta (State Bar No. 354768)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7408
Facsimile: (212) 989-9163

E-mail: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Ines Diaz Villafana (State Bar No. 354099)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: idiaz@bursor.com

**DRURY LEGAL, LLC**
Scott R. Drury (State Bar No. 355002)
6 Carriage Lane
Highwood, Illinois 60040
Telephone: (312) 358-8225
E-mail: scott@drurylegal.com

*Attorneys for Plaintiffs and the Putative Class*