Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9662

Ian M. Ross (admitted *pro hac vice*)
iross@sidley.com
SIDLEY AUSTIN LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Telephone: (305) 391-5218

Sarah E. Gallo (SBN 334455)
sgallo@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-7490

*Attorneys for Defendant*
*Grow Care, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE 1 and JANE DOE 2, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GROW CARE, INC.,<br><br>Defendant. | Case No. 5:24-cv-09122-NW<br>Assigned to: Hon. Noël Wise<br><br>**DEFENDANT GROW CARE, INC.'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE**<br><br>Date: July 30, 2025<br>Time: 9:00 a.m.<br>Place: Courtroom 3, 5th Floor<br><br>Amended Complaint Filed: March 5, 2025 |

Defendant Grow Care, Inc. ("Grow Care" or "Defendant") respectfully submits this Reply in support of its Request for Consideration of Documents Incorporated by Reference or, Alternatively, Judicial Notice in Support of Defendant's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (the "RJN"). Plaintiffs' Opposition does not dispute the authenticity of the website printouts ("Privacy Notice" and "Notice of Privacy Practices") or that Plaintiffs relied on Grow Care's website in their First Amended Complaint ("FAC"). Instead, Plaintiffs make a series of arguments designed to sow confusion regarding which versions of these privacy documents were posted, when they were effective, and how they are cited in the FAC. *See* ECF No. 42 ("RJN Opp."). Defendant shows in this brief why Plaintiffs' objections are meritless.

**I. Plaintiffs Fail to Demonstrate that Grow Care's Webpages Are Not Incorporated by Reference into the Amended Complaint.**

Plaintiffs argue that because the FAC purportedly does not "extensively reference" Grow Care's Privacy Notice or the Notice of Privacy Practices (Exhibits A and B to the RJN), the incorporation-by-reference doctrine is inapplicable. RJN Opp. at 4. But the Ninth Circuit does not require Plaintiffs to cite verbatim every line of a document before incorporation by reference applies; rather, a document is incorporated if it forms the basis of Plaintiffs' allegations or Plaintiffs refer to it throughout the complaint. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

Plaintiffs assert that they do not explicitly reference Grow Care's Notice of Privacy Practices in the Complaint. RJN Opp. at 4. But this does not preclude incorporation by reference: Plaintiffs rely repeatedly on Grow Care's website in their FAC to allege that Grow Care did not have Plaintiffs' consent and had not made adequate disclosures to Plaintiffs. *See* FAC ¶¶ 1, 45-47, 49, 50-51, 65, 71, 137, 140-41, 143, 146, 154, 158, 173, 180-181**.** Plaintiffs cannot argue that Grow Care's privacy policies do not form the basis of several of their claims. In particular, Plaintiffs attach partial screenshots that omit important language found on the same webpages (including links to Grow Care's Privacy Notice and Notice of Privacy Practices). *E.g.*, FAC ¶¶ 106-113. Thus, the FAC selectively and deliberately references Grow Care's website content and puts Plaintiffs' notice of Grow Care's policies directly at issue. As courts in this Circuit have held, the incorporation-by-

reference doctrine is intended "to prevent plaintiffs from selecting only portions of documents that support their claims, while omitting portions which weaken or doom their claims." *Khoja*, 899 F.3d at 1002. That is precisely Defendant's concern here. Indeed, another court in this District recently agreed to take judicial notice of a website's privacy policies in this exact scenario (and went on to dismiss the complaint based on those policies). *See Lakes v. Ubisoft*, No. 24-cv-06943-TLT, 2025 WL 1036639, at *3 (N.D. Cal. Apr. 2, 2025) (granting judicial notice).

Plaintiffs next argue that the existence of multiple versions of the Privacy Notice or Notice of Privacy Practices defeats Grow Care's request for incorporation by reference. RJN Opp. at 4. But Plaintiffs offer no evidence that the relevant language in Exhibit A did not exist, in substantially the same form, during the relevant time period(s) at issue. Indeed, Plaintiffs' own references to Grow Care's Privacy Notices reflect that they had notice of substantially similar language. FAC ¶ 14 (citing a version updated in June 2024). Here, the FAC places Grow Care's privacy disclosures squarely at issue. Grow Care's proffered exhibits (Exhibits A and B) contain the relevant disclosures (i.e., that Grow Care may share user information for operational purposes), which undercut Plaintiffs' allegations that Grow Care's data sharing was wholly undisclosed or that no consent was obtained. *See, e.g.*, FAC ¶ 47. Plaintiffs cannot avoid consideration of these disclosures simply by pointing to immaterial variations or uncertain revision dates—especially where they do not dispute the authenticity of the documents attached to the RJN. *See* RJN at 3; FAC ¶ 27.

Plaintiffs also claim that Grow Care is improperly using Exhibits A and B to rebut Plaintiffs' allegations. RJN Opp. at 5. But the very purpose of the incorporation-by-reference doctrine is to allow the Court to see the fuller context of documents that Plaintiffs deliberately cite or rely upon—particularly to prevent selective or misleading allegations. *See In re Silicon Graphics*, 183 F.3d 970, 986 (9th Cir. 1999) (noting the need to incorporate documents to avoid distortion by selective quotation). Far from injecting irrelevant or extrinsic facts, Grow Care is simply placing before the Court the complete text of disclosures integral to Plaintiffs' allegations.

## II. Plaintiffs Fail to Demonstrate that the Court Should Not Take Judicial Notice of Grow Care's Webpages.

Plaintiffs incorrectly assert that a "private corporate website" cannot be judicially noticed.

RJN Opp. at 6. But courts in this District *do* take judicial notice of content from private company websites. See, *e.g., Lakes*, 2025 WL 1036639, at *3; *Brown v. Google LLC*, 2021 WL 6064009, at *7 (N.D. Cal. Dec. 22, 2021); *In re Zoom Video Commc'ns Inc. Priv. Litig.*, 525 F. Supp. 3d 1017, 1026 n.2 (N.D. Cal. 2021) (taking judicial notice of defendant's privacy statement and terms of service). Courts often do so when a website is referenced in the complaint, is central to the claims, or is otherwise readily verifiable, and no party disputes its authenticity. *Id*. Plaintiffs do not—and cannot—question the authenticity of Grow Care's website. They cite it themselves.

Plaintiffs' attempts to distinguish Defendants' caselaw, such as *Yoon*, are also misplaced. *See* RJN Opp. at 7 (distinguishing *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1079 (C.D. Cal. 2021). Plaintiffs argue that in *Yoon*, Plaintiffs "actually cited" in the complaint the documents for which Defendants sought judicial notice. RJN Opp. at 7. But courts in this Circuit do not require that Plaintiffs cite a document in their complaint, only that it is "necessarily relied upon by the complaint." *Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir. 2001). As noted above, the Plaintiffs place significant emphasis on Grow Care's privacy policies—particularly their presence and location on the website—in support of their claims regarding user consent and the sufficiency of disclosures.

## III. CONCLUSION

For the foregoing reasons, Grow Care respectfully requests that the Court grant its Request for Consideration of Documents Incorporated by Reference or, Alternatively, Judicial Notice, and consider Exhibits A and B in ruling on Grow Care's Motion to Dismiss.

Date: June 11, 2025

Respectfully Submitted,

**SIDLEY AUSTIN LLP**

By: */s/ Amy P. Lally*
Amy P. Lally
Ian M. Ross (admitted *pro hac vice*)
Sarah E. Gallo

*Attorneys for Defendant Grow Care, Inc.*