UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE 1, et al.,

Plaintiffs,

v.

GROW CARE, INC.,

Defendant.

Case No. 24-cv-09122-NW

**ORDER GRANTING LIMITED JURISDICTIONAL DISCOVERY**

Re: ECF No. 37

Defendant Grow Care, Inc. filed a motion to dismiss for lack of personal jurisdiction and failure to state a claim. Mot. to Dismiss, ECF No. 37 ("Mot."). Having reviewed the parties' briefs, the Court defers ruling on Defendant's motion, and GRANTS Plaintiffs sixty days of jurisdictional discovery from the date of this Order. The July 30, 2025 hearing on Defendant's motion to dismiss and failure to state a claim is RESET to October 29, 2025.

Following the close of jurisdictional discovery, by Friday, October 3, 2025, Plaintiffs must file a supplemental brief as to whether the Court has personal jurisdiction over Grow Care. By Friday, October 17, 2025, Grow Care may respond with a supplemental brief. Neither party's brief may exceed 10 pages. The Court continues the hearing on the motion to dismiss for lack of personal jurisdiction and failure to state a claim, to October 29, 2025, at 9:00 a.m., and will hold an evidentiary hearing on that date if necessary.

## DISCUSSION

On December 17, 2024, Plaintiffs Jane Doe 1 and Jane Doe 2 brought this action against Grow Care, individually and on behalf of others similarly situated, alleging that "Defendant aids, employs, agrees, and conspires with third parties . . . to intercept patient communications," including personal medical data. Compl., ECF No. 1. On March 5, 2025, Plaintiffs filed the

United States District Court
Northern District of California

United States District Court
Northern District of California

operative first amended complaint. First Amend. Compl., ECF No. 29 ("FAC"). Defendant moved to dismiss Plaintiffs' complaint, contending that Plaintiffs failed to meet their burden to establish personal jurisdiction, and failed to state a claim. Mot. at 1.

Defendant is incorporated in Delaware, with its principal place of business in New York, New York. FAC ¶ 52. Plaintiffs appear to concede that there is no general jurisdiction over Defendant. Opp'n to Mot. at 2, ECF No. 41. Plaintiffs allege that the Court has specific personal jurisdiction over Defendant because "Defendant purposefully, systematically and repeatedly reached into and targeted California in connection with marketing, promoting and otherwise making available the mental health services specifically offered to California residents, including Plaintiffs, via the Website." FAC ¶ 10. In support of their contentions, Plaintiffs point to the fact that Defendant works with California registered therapists, collects user activity and geolocation data from California consumers to tailor advertisements, and includes California-specific disclosures in its privacy policy. *Id.* ¶¶ 13-36. Plaintiffs argue that "Defendant has cultivated a market and obtained patients in California" and that "Defendant obtains substantial interest and traffic from California residents." *Id.* ¶¶ 35-36. These contentions alone are not enough to establish specific personal jurisdiction.

Specific jurisdiction exists if: (1) the defendant purposefully availed itself of the privilege of conducting business in California by performing an act or consummating a transaction with the forum; (2) the plaintiff's claims arise out of or result from the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985)). "The plaintiff bears the burden on the first two prongs, but once both are established, the defendant must come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (internal citations omitted) (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008)).

Here, the Court finds that Plaintiffs, without more, have failed to meet their burden on at least the first prong. The record is disputed whether Defendant purposefully availed itself of California. Plaintiffs' opposition to Defendant's motion to dismiss requests leave to conduct

jurisdictional discovery. Opp'n at 22.

The Court exercises its discretion and orders limited jurisdictional discovery. *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 (9th Cir. 1977) (jurisdictional discovery "should be granted where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.") (citation omitted). The record is insufficient to resolve the question of personal jurisdiction, and "further discovery . . . might well demonstrate facts sufficient to constitute a basis for jurisdiction." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003).

Jurisdictional discovery is not an opportunity to conduct discovery about the underlying disputes. The parties may conduct discovery relevant to the question of specific personal jurisdiction, including, facts relevant to whether Defendant purposefully availed itself of California (e.g., the number of, and income from, California consumers, California business partnerships, and marketing initiatives directed toward California). The parties are directed to promptly meet and confer regarding procedures for jurisdictional discovery. Should the parties have a dispute about jurisdictional discovery that they cannot resolve through a good faith meet and confer process, they are directed to immediately raise those disputes with the assigned Magistrate Judge.

**IT IS SO ORDERED.**

Dated: July 22, 2025

Noël Wise
United States District Judge