**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
50 Main St., Ste. 475
White Plains, NY 10606
Telephone: (914) 874-0710
Facsimile: (914) 206-3656
E-mail: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Ines Diaz Villafana (State Bar No. 354099)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: idiaz@bursor.com

**DRURY LEGAL, LLC**
Scott R. Drury (State Bar No. 355002)
6 Carriage Lane
Highwood, Illinois 60040
Telephone: (312) 358-8225
E-mail: scott@drurylegal.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

JANE DOE 1 and JANE DOE 2, individually and on behalf of all other persons similarly situated,

Plaintiffs,

v.

GROW CARE, INC.,

Defendant.

Case No. 5:24-cv-09122-NW

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Date: March 4, 2026
Time: 9:00 a.m.
Courtroom: 3, 5th Floor
Judge: Hon. Noël Wise

**REDACTED**

## TABLE OF CONTENTS

PAGE(S)


INTRODUCTION .......... 1

ARGUMENT .......... 2

I. THE COURT HAS PERSONAL JURISDICTION OVER DEFENDANT .......... 2

A. Defendant Purposefully Directed Its Activities at California .......... 2

1. Defendant Expressly Aimed Its Activities at California By Targeting California Residents With Advertising. .......... 2

2. Defendant Expressly Aimed Its Activities at California By Aiming Its Website Tracking At California. .......... 5

3. Defendant's Contacts Caused Harm Defendant Knew Likely Would Be Suffered in California .......... 6

B. Plaintiffs' Claims Arise Out of Defendant's Forum-Related Contacts .......... 7

CONCLUSION .......... 8

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Briskin v. Shopify, Inc.*,
135 F.4th 739 (9th Cir. 2025) .......... 2, 5, 6, 7

*Cybersell, Inc. v. Cybersell, Inc.*,
130 F.3d 414 (9th Cir. 1997) .......... 4

*Ford Motor Co. v. Montana Eighth Judicial District Court*,
592 U.S. 351 (2021) .......... 7

*Lewis v. Magnite, Inc.*,
2025 WL 3687546 (C.D. Cal. Dec. 4, 2025) .......... 6, 7

*Martinez v. Choose Your Horizon, Inc.*,
2025 WL 2498138 (N.D. Cal. Sept. 1, 2025) .......... 6, 7

*Mavrix Photo, Inc. v. Brand Technologies, Inc.*,
647 F.3d 1218 (9th Cir. 2011) .......... 4

*Rio Properties, Inc. v. Rio International Interlink*,
284 F.3d 1007 (9th Cir. 2002) .......... 3

**INTRODUCTION**

Following the Plaintiffs' and Grow Care Inc.'s ("Defendant") initial briefing on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 37) ("MTD"), with respect to specific personal jurisdiction, the Court found Plaintiffs' allegations that "Defendant purposefully, systematically and repeatedly reached into and targeted California in connection with marketing, promoting and otherwise making available the mental health services specifically offered to California residents, including Plaintiffs, via the Website" were insufficient on their own "to establish specific personal jurisdiction." Order Granting Limited Jurisdictional Discovery, ECF No. 52, ("Order") at 2 (citing ECF No. 29 ¶ 10) (cleaned up).

Following the Order, the Parties engaged in jurisdictional discovery. This included Defendant's production of documents and a 30(b)(6) deposition of Defendant's corporate representative, the November 19, 2025 Deposition of Theerth Manchenella. Declaration of Phillip L. Fraietta ("Fraietta Decl."), Exhibit A, Transcript of November 19, 2025, Deposition of Theerth Manchenella ("Transcript").

Through this discovery, Plaintiffs found that contrary to Defendant's contention that it merely engaged in a "*nationwide* practice" and that "California website visitors were no more than a part of this alleged practice than any other state[,]" MTD at 8, 10, Defendant has purposefully directed its contacts at California. More so, Defendant engaged in differential treatment or targeting of the California forum. Defendant did so by [redacted] Transcript at 127:18-22, 128:2-3,129:13-17. Defendant's documents further show that [redacted] Fraietta Decl. Exhibits B and C. Further, Defendant admits to [redacted] *Id.* at 46:10-13, 47:11-12, 47:22-25, 179:18-23. Defendant additionally admits it [redacted] *Id.* at 2:14-25, 43:2-1, 269:3-4, 269:6, 274:20-22, 281:15-21, 281:23-24. Thus, Defendant's contacts with

California were not random, isolated, or fortuitous, but a result of Defendant's conscious choices to gain business from California residents. The evidence shows Defendant purposefully directed its activities at California. Accordingly, the Court may assert specific personal jurisdiction over Defendant. Based on Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opposition") (ECF No. 29) and this Supplemental Brief, the Court should deny the MTD.

## ARGUMENT

## I. THE COURT HAS PERSONAL JURISDICTION OVER DEFENDANT

### A. Defendant Purposefully Directed Its Activities at California

#### 1. Defendant Expressly Aimed Its Activities at California By Targeting California Residents With Advertising.

In *Briskin v. Shopify, Inc.*, the Ninth Circuit made clear that a defendant's differential treatment of the forum state is not required to satisfy the express aiming prong of the purposeful direction test. 135 F.4th 739, 758 (9th Cir. 2025). Even though differential treatment is not required, it serves as "evidence that a defendant expressly aimed its conduct toward the forum state" *Id.* at 758, n. 17.

Defendant's overarching argument is that Plaintiffs merely alleged a "*nationwide* practice" and that "California website visitors were no more than a part of this alleged practice than any other state." MTD at 8, 10. After conducting jurisdictional discovery, Plaintiffs have found Defendant did not engage in a nationwide practice, but instead, engaged in differential treatment or targeting of the California market in hopes of increasing the amount of patients it obtained from California by: (1) [redacted]; (2) [redacted]; and (3) [redacted] Further, the [redacted] supports the conclusion that Defendant is engaging in differential treatment of the California forum. *See* GROW_000206; GROW_000205.

Specifically, Defendant admitted [redacted] Transcript at 128:2-3, and stated it did not always [redacted]—meaning there was a period when [redacted]

[redacted] *See id.* at 132:4-6. Defendant further gave insight into why it decided to [redacted]. *Id.* at 127:18-22. Defendant confirmed that the [redacted] *See id.* at 129:13-17. Defendant also [redacted] *Id.* 138:4-9. In general, Defendant admits [redacted] *See id.* at 142:15-19. Defendant also admits [redacted] *Id.* at 120:21-23, 140:22-25.

Defendant additionally admitted that [redacted] *Id.*at 163:3-4. [redacted] *Id.* at 163:6-10. Because Defendant mentions [redacted] *See id.* at 165: 3-11, 165:1-8, 165:10-11.

Thus, Defendant admits to differential targeting of California [redacted] *Id.* at 120:21-23, 128:2-3, 129:13-17, 140:22-25. Further, it can plausibly be inferred that Defendant further engages in differential targeting [redacted] *See id.* at 165: 3-11, 165:1-8, 165:10-11. This is sufficient to show Defendant has engaged in differential treatment of California that amounts to express aiming. *See In Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002) (Ninth

Circuit found that the plaintiff "sufficiently alleged that [the defendant] engaged in 'something more' than the operation of a passive website" by "specifically target[ing] consumers in Nevada by running radio and print advertisements in Las Vegas.") (cleaned up).

Courts also consider a website's traffic or revenue from the forum state in assessing specific personal jurisdiction. *See Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1230 (9th Cir. 2011). For example, in *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, the Ninth Circuit considered that a "substantial number of hits to Brand's website came from California residents" and made this conclusion based on the fact that "that some of the third-party advertisers on Brand's website had advertisements directed to Californians." *Id.* The Ninth Circuit reasoned that this was significant because the "fact that the advertisements targeted California residents indicate[d] that [the defendant] kn[ew]—either actually or constructively—about its California user base, and that it exploit[ed] that base for commercial gain." *Id.*; *see also Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997) ("Some courts have also given weight to the number of 'hits' received by a web page from residents in the forum state, and to other evidence that Internet activity was directed at, or bore fruit in, the forum state.") (cleaned up).

Here, Defendant produced documents that further support Plaintiffs' position that express aiming has been met. The documents show [redacted] For example, GROW_000206 [redacted] *See* Fraietta Decl. Ex. B. This document demonstrates [redacted] *Id.* Thus, [redacted] *See id.* GROW_000205 similarly shows California [redacted] *See id.*, Ex. C. Thus, these documents support the conclusion that Defendant knew of its California consumer base and exploited it for commercial gain, which supports the finding of Defendant's express aiming. *See Mavrix Photo*, 647 F.3d at 1230; *Cybersell*, 130 F.3d at 419.

**2. Defendant Expressly Aimed Its Activities at California By Aiming Its Website Tracking At California.**

As Plaintiffs previously argued, Defendant expressly aimed its activities at California in the same way the defendant in *Briskin* did—"through its extraction, maintenance, and commercial distribution of the California consumers' personal data in violation of California laws." *Briskin*, 135 F.4th at 756.

A key factor in *Briskin* was the fact that the defendant "knew the location of consumers … either prior to or shortly after installing its initial tracking software onto their devices" meaning the harm on the plaintiff was not "mere happenstance" but expressly aimed conduct. *Id.* Through jurisdictional discovery, Plaintiffs confirmed that Defendant was aware of Plaintiffs' and class members' [redacted] Specifically, Defendant admits that in the normal course of its operation of the Website, [redacted] Transcript at 32:16-18, 33:6-7, 33:19-21, 33:25. Defendant determines [redacted] *Id.* at 46:10-13. Defendant then [redacted] *Id.* at 47:11-12, 47:22-25, 179:18-23. Defendant [redacted] (*id.* at 177:4-8), [redacted] (*id.* at 177:21-25, 178:2-5), [redacted] (*id.* at 178:6-8); and that it [redacted] (*id.* at 179:10-16).

The facts of *Briskin* are further analogous to this case because here, like Shopify, Defendant [redacted] *See Briskin* 135 F.4th at 748; Transcript at 269:3-4, 269:6, 274:20-22. Further, Defendant [redacted] *Id.* at 281:15-21, 281:23-24. Users' [redacted] *See id.* at 2:14-25, 43:2-10. And while described as an [redacted] Defendant has the capability to [redacted] *Id.* at

43:20-24. Because Defendant [redacted] (*id.* at 179:10-16), like Shopify, Defendant is [redacted] "for its own commercial gain." *Briskin*, 135 F.4th at 756.

Thus, like in *Briskin*, the harm Plaintiffs allege they suffered did not occur through "mere happenstance" because Defendant [redacted] and Defendant used consumers' "personal data for its own commercial gain." *Id.*; *see* Transcript at 2:14-25, 43:2-1, 46:10-13, 47:11-12, 47:22-25, 179:18-23269:3-4, 269:6, 274:20-22, 281:15-21, 281:23-24; *see also Lewis v. Magnite, Inc.*, 2025 WL 3687546, at *6 (C.D. Cal. Dec. 4, 2025) (finding the defendant used a tracker to geolocate website users and shared information about the users with advertisers to generate revenue, meaning the defendant knew prior to or shortly after that users were located in California and continued to profit off their data, which was deemed express aiming); *Martinez v. Choose Your Horizon, Inc.*, 2025 WL 2498138, at *6 (N.D. Cal. Sept. 1, 2025) (finding the defendant "knew about its California customers, conducted business with them, required and facilitated their communication with California medical clinicians, and intercepted their PII. Despite its national platform, CYH's contacts with California are express aiming because they are its choices and are not random, isolated, or fortuitous.").

### 3. Defendant's Contacts Caused Harm Defendant Knew Likely Would Be Suffered in California

Jurisdictional discovery further demonstrates it was foreseeable that Defendant's activities in California would inflict harm on California residents—including Plaintiffs and class members—because Defendant "deliberately reached out beyond its home state" by (1) [redacted] (Transcript at 127:18-22, 128:2-3, 129:13-17), who would then need to use the Website to book therapy appointments, and be subject to Defendant's data collection and usage practices; (2) [redacted] (*id.* at 46:10-13, 47:11-12, 47:22-25, 177:4-8, 177:21-25, 178:2-5, 178:6-8, 179:18-23); and (3) [redacted] (*id.* at 2:14-25, 43:2-10, 179:10-16). *See Briskin*,

135 F.4th at 759; *Lewis*, 2025 WL 3687546, at *7 (finding that because the plaintiffs plausibly alleged the defendant could track the plaintiffs' geolocation, then the plaintiffs' allegations that "they were using websites and apps containing the Rubicon Tracker while in California are sufficient to show that Defendant would know its actions were impacting individuals in the forum state").

**B. Plaintiffs' Claims Arise Out of Defendant's Forum-Related Contacts**

Plaintiffs' claims arise out of or relate to Defendant's contacts with California. Defendant has purposefully [redacted] Transcript at 127:18-22, 128:2-3, 129:13-17. The Ninth Circuit recognized in *Briskin* that "Ford's business activities in the forum States (*i.e.*, advertising, servicing vehicles) ***made it more likely*** that the plaintiffs' injuries occurred there" and, therefore, "the forum States could hale Ford to defend the product liability lawsuits" in the forum. *Briskin*, 135 F.4th at 760 (discussing *Ford Motor Co. v. Montana Eighth Judicial District Court*, 592 U.S. 351, 362 (2021)) (emphasis added). Here, by specifically [redacted] Defendant made it more likely that Californians would suffer harm by visiting the Website to book appointments and thus have their PII and PHI disclosed and/or intercepted.

Further, like in *Briskin*, Plaintiffs' alleged harm (the disclosure and/or interception of their PHI and PII for marketing purposes, *see* FAC, ¶¶ 46, 50, 61, 106) arises out of Defendant's contact with Plaintiffs' devices ([redacted]). *See* 135 F.4th at 760. It also relates to Defendant's contacts in California because Plaintiffs' data privacy injuries are those that would tend to be caused by Defendant's contacts. *See id.*; *Martinez*, 2025 WL 2498138, at *6 (finding "plaintiffs' claims arise out of CYH's contacts with its California customers, including requiring the customers' communication with California medical clinicians and intercepting their PII. The claims also relate to CYH's California contacts because the plaintiffs allege injury caused by CYH's contacts with its California customers, intercepting their PII and causing privacy injuries.").

## CONCLUSION

Based on Plaintiffs' Opposition and the evidence addressed in this Supplemental Brief, the Court should find that Defendant has purposefully directed its contacts at California and that Plaintiffs' harm arises out of or is related to Defendant's contacts with the forum. As Plaintiffs discuss in their Opposition, Defendant does not meet its burden to show that exercise of jurisdiction over it would run afoul of traditional notions of fair play and substantial justice. Opposition at 9-11. Accordingly, the Court should find it can exercise specific personal jurisdiction over Defendant and deny Defendant's MTD in full.

Dated: January 29, 2026

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: *<u>/s/ Philip L. Fraietta</u>*
Philip L. Fraietta (State Bar No. 354768)
50 Main St., Ste. 475
White Plains, NY 10606
Telephone: (914) 874-0710
Facsimile: (914) 206-3656
E-mail: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Ines Diaz Villafana (State Bar No. 354099)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: idiaz@bursor.com

**DRURY LEGAL, LLC**
Scott R. Drury (State Bar No. 355002)
6 Carriage Lane
Highwood, Illinois 60040
Telephone: (312) 358-8225
E-mail: scott@drurylegal.com

*Attorneys for Plaintiffs and the Putative Class*